**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Hannah Guenther, Respondent,

v.

Roman Guenther, Appellant.

Appellate Case No. 2021-001373

———

Appeal From Charleston County
Spiros S. Ferderigos, Family Court Judge

———

Unpublished Opinion No. 2023-UP-304
Submitted June 1, 2023 – Filed August 30, 2023

———

**AFFIRMED**

———

Megan Catherine Hunt Dell, of Dell Family Law, P.C., of Charleston, for Appellant.

Hannah Guenther, of Charleston, pro se.

———

**PER CURIAM:** Roman Guenther (Husband) appeals the family court's order granting his wife, Hannah Guenther (Wife), an order of protection against him pursuant to the Protection from Domestic Abuse Act (the Act).[1] Husband argues the family court erred by (1) failing to require Wife to present clear and convincing

---

[1] S.C. Code Ann. § 20-4-10 to -160 (2014 & Supp. 2022).

evidence supporting the issuance of an order of protection because the order implicated his due process rights, and (2) granting the order of protection when Wife failed to prove her entitlement to it.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  We hold Husband's argument that the order of protection implicated his due process rights—and therefore the family court should have required Wife to meet a clear and convincing evidence burden of proof to establish her entitlement to the order—is not preserved for appellate review because he did not raise the argument to the family court.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Bakala v. Bakala*, 352 S.C. 612, 625, 576 S.E.2d 156, 163 (2003) ("A due process claim raised for the first time on appeal is not preserved.").

2.  We hold the family court did not err in issuing the order of protection because Wife established she was entitled to an order of protection against Husband by a preponderance of the evidence.  *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Ashburn v. Rogers*, 420 S.C. 411, 416, 803 S.E.2d 469, 471 (Ct. App. 2017) ("Consistent with this de novo review, the appellant retains the burden to show that the family court's findings are not supported by a preponderance of the evidence; otherwise, the findings will be affirmed."); § 20-4-20(f) ("'Order of protection' means an order of protection issued to protect the petitioner . . . from the abuse of another household member whe[n] the respondent has received notice of the proceedings and has had an opportunity to be heard."); § 20-4-20(a)(1) (defining "abuse" as "physical harm, bodily injury, assault, or the threat of physical harm"); § 20-4-40(b) ("A petition for relief . . . must state the specific time, place, details of the abuse, and other facts and circumstances upon which relief is sought and must be verified.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.